IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MAPLEBEAR INC. D/B/A INSTACART**<br><br>Defendant. | Civil Action No: 6:20-cv-00737-ADA<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

### JOINT MOTION FOR ENTRY OF OPPOSED SCHEDULING ORDER

Plaintiff GreatGigz Solutions, LLC ("GGS" or "Plaintiff") and Defendant Maplebear Inc. d/b/a/ Instacart ("Instacart" or "Defendant") submit this Joint Motion for Entry of Opposed Scheduling Order, pursuant to Paragraph 3 of the Court's Order Governing Proceedings. Attached as Exhibit A is Plaintiff's proposed schedule, while Defendant's proposal is attached as Exhibit B. The parties were unable to reach agreement on a Scheduling Order.

**A.      Plaintiff's Position**

On January 22, 2021, this Court explicitly instructed the parties in these five related causes (6:20-cv-00651; 00737; 00738; 00934; and 00935) to submit proposed schedules which include the following Court-appointed dates: (i) CMC deemed to have occurred on February 8, 2021; (ii) Markman Hearing on August 4, 2021; and (iii) Trial on July 18, 2022.  *See* Email from Jun Zheng to all counsel of record dated January 22, 2021.  As instructed by the Court, Plaintiff has endeavored to do just that, and has proposed identical schedules to all counsel in each of the five referenced causes.  The proposed schedule as proposed by Plaintiff, and which includes each of the dates provided by the Court, is attached hereto as Plaintiff's Proposed Schedule [Exhibit A].

1

Simply put, no aspect of this case is "stayed" pending Defendant's Motion. Rather, the Court has given *all* parties an explicit instruction, with specific dates. Plaintiff's proposed schedule complies, while Defendant's plainly does not. The parties can and will continue with the Court-ordered venue discovery and briefing in parallel with the proposed schedule. The Court should adopt Plaintiff's Proposed Schedule [Exhibit A].

**B.     Defendant's Position**

Unlike the other four pending cases filed by Plaintiff (6:20-cv-00651; 00738; 00934; and 00935), Defendant filed a Motion to Dismiss for Failure to State a Claim and Improper Venue, or in the Alternative, to Transfer to the Northern District of California. (Dkt. No. 11.) Defendant now seeks a schedule that commences the substantive proceedings of this case after the Court has ruled on Defendant's pending Motion to Dismiss/Motion to Transfer. On October 27, 2020, In Defendants' Motion, Defendant argues that venue is not proper in this District because Defendant does not reside and has never resided in this District and has no regular and established place of business in this District. (*Id.* at 1.) On December 4, 2020, Plaintiff filed an Unopposed Motion to Extend the Deadlines for Plaintiff's Response and Defendant's Reply. (Dkt. No. 15.) The Court granted Plaintiff's Unopposed Motion on December 11, 2020, ordering that venue discovery be completed before or on April 27, 2021, and "the deadline for Plaintiff to respond to Defendant's Motion to Dismiss [Dkt. No. 11] shall be up to two weeks after the completion of venue discovery, and that the deadline for Defendant's reply be up to two weeks after Plaintiff's response." (Dec. 11, 2020 Text Order.) Plaintiff is still conducting venue discovery. Accordingly, Defendant's Motion to Dismiss/Motion to Transfer will be fully briefed no later than May 25, 2021.

Defendant's proposed schedule comports with the Court's November 19, 2020 Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, which orders that

"venue or jurisdictional discovery be completed no later than six months after the filing of the initial motion" and directs parties "to file an amended scheduling order consistent with this order." The Court's Standing Order recognizes the importance of addressing venue and jurisdiction issues before the parties proceed into the merits of a case. The Federal Circuit recently reinforced the importance of that principle, too. *See In re SK hynix Inc.*, No. 2021-113, --- F. App'x ---, 2021 WL 321071, at *1 (Fed. Cir. Feb. 1, 2021) (quoting *In re Apple*, 979 F.3d 1332, 1337 (Fed. Cir. 2020)) ("[O]nce a party files a transfer motion, disposing of that motion should unquestionably take top priority.").

Plaintiff will suffer no prejudice under Defendant's proposed schedule. Moreover, Plaintiff has not explained how its proposed schedule complies with the Court's Standing Order and the Court's December 11, 2020 Text Order allowing the parties until April 27, 2021 to complete venue discovery before finalizing briefing on Defendant's pending Motion. That is because Plaintiff's proposal does not comply with this Court's orders and would render them nullities. Defendant therefore respectfully requests that the Court adopt Defendant's proposed schedule, which will allow for the parties to fully address the important venue and jurisdiction issues raised by Defendant's motion before potentially wasting the parties' and the Court's time delving into a matter that may not be properly venued here or that may soon be transferred elsewhere.

Dated: February 11, 2021                                     Respectfully submitted,

                                                              FISH & RICHARDSON P.C.

By: */s/ Lance Wyatt*
    Neil J. McNabnay
    macnabnay@fr.com
    Texas Bar No. 24002583
    Ricardo J. Bonilla
    rbonilla@fr.com
    Texas Bar No. 24082704
    Lance Wyatt
    wyatt@fr.com
    Texas Bar No. 24093397

    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

***Attorneys for Defendant***
***Maplebear Inc. d/b/a Instacart***


GARTEISER HONEA, PLLC

By: */s/ M. Scott Fuller*
    Thomas Fasone III
    Texas Bar No. 00785382
    tfasone@ghiplaw.com
    M. Scott Fuller
    Texas Bar No. 24036607
    sfuller@ghiplaw.com
    Randall Garteiser
    rgarteiser@ghiplaw.com

    119 W. Ferguson Street
    Tyler, Texas 75702
    Telephone: (903) 705-7420
    Facsimile: (888) 908-4400

***Attorneys for Plaintiff***
***GreatGigz Solutions, LLC***