**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**MAPLEBEAR INC. D/B/A INSTACART**<br><br>  Defendant. | **Civil Action No: 6:20-cv-00737-ADA**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM AND IMPROPER VENUE, OR IN THE
ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

FISH & RICHARDSON P.C.
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla
rbonilla@fr.com
Texas Bar No. 24082704
Lance Wyatt
wyatt@fr.com
Texas Bar No. 24093397
Adil A. Shaikh
shaikh@fr.com
Texas Bar No. 24117039

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

*Attorneys for Defendant*
*Maplebear Inc. d/b/a Instacart*

After months expending party resources on venue discovery, GreatGigz has been unable to develop any factual basis to keep this case in the Western District of Texas. Indeed, GreatGigz cites to the venue discovery it took months taking *zero* times in its opposition, and with good reason: Instacart does not have a "place of business" in the Western District of Texas. In short, GreatGigz's opposition does nothing to change the fact that venue is not proper in this District for Instacart, or that this case is clearly more convenient in the Northern District of California and thus deserving of transfer.

I.   **ARGUMENT**

   A.   **Instacart Does Not Have a "Place of Business" in the Western District of Texas**

The factual record confirms that Instacart does not have a place of business in the Western District of Texas. Instacart resides in San Francisco and operates a multi-sided communications and logistics platform that enables customers to purchase and request delivery of grocery items from retailers who choose to use the Instacart platform. (*See* Nielsen Decl. at ¶ 4.) Instacart does not have an office or other physical place of business in this District. (*Id.* ¶¶ 5–8.) Because no Instacart place of business exists in this District, GreatGigz argues that "the offices of retail partner stores in WDTX" should be permitted to stand in as Instacart places of business. (Opp. at 1.) In support, GreatGigz cites to an Instacart blog post, arguing that Instacart's shoppers being "*embedded in retail partner stores*" creates an Instacart regular place of business. (*Id.* at 2–3.)

But the presence of third-party retailer stores in the District, which may be shopped by Instacart shoppers, does not create a "place of business" of Instacart. These shoppers—who may be employed by Instacart to prepare orders for various retailers, or may be independent contractors who deliver orders to the customer's door—do not work at an *Instacart* place of business. Instacart shoppers may shop at several retail stores, none with any element of permanence to them as to

Instacart. For example, an Instacart shopper may shop at Walmart one day, and Aldi the next, and such "sporadic activity cannot create venue." *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017); *see also Phillips v. Baker* , 121 F.2d 752, 756 (9th Cir. 1941) ("A 'regular place of business' is, obviously, a place where such business is carried on 'regularly' and not merely temporarily, or for some special work or particular transaction.") (citation omitted).

Further, GreatGigz misses a key requirement of establishing venue under §1400(b)—the place of business "must be the *place of the defendant*." *In re Cray Inc.*, 871 F.3d 1355, 1360 (emphasis added). Even if Instacart's shoppers were "embedded" in retail partner stores in Texas (they are not),[1] that would still not make those retail partner stores places *of Instacart*—they are places of the retail partners.

GreatGigz further argues, without legal support, that a "regular and established place of business" includes anywhere an employee works, "even if those employees are working from home." (Opp. at 3.) GreatGigz cites to *In re Cordis Corp.*, 769 F.2d 733, 735, 737 (Fed. Cir. 1985), a pre-*TC Heartland* opinion, in support of its argument, but the Federal Circuit distinguished the *Cordis* situation in *In re Cray*, a post-*TC Heartland* decision. The court explained that an employee's home office was not the defendant's place of business because the defendant did not appear to "own[], lease[], or rent[] any portion" of the home, the employee's employment was not conditioned on his continued residence in the district, and the plaintiff pointed to no evidence that defendant held out the employee's home as its business. *In re Cray*, 871 F.3d 1355, 1363. The same is true here: Instacart does not own, rent, or lease any portion of its employees' homes, no

---

[1] GreatGigz cites to an out-of-date blog post from 2015 that does not reflect the publicly reported fact that Instacart does not have workers "embedded" at retailer stores in Texas. *See, e.g.*, "Instacart eliminates in-store shopping positions at H-E-B locations," available at https://www.bizjournals.com/sanantonio/news/2020/08/19/instacart-eliminates-in-store-shoppers-at-h-e-b.html.

2

Instacart employee's employment is conditioned on residence in the Western District of Texas, and GreatGigz has not and cannot point to any evidence that Instacart held out any employee's home in this District as its place of business.

Accordingly, venue is improper for Instacart in this District under both prongs of § 1400(b). Instacart therefore respectfully requests that the Court grant its motion and dismiss this case. FED. R. CIV. P. 12(b)(3); 28 U.S.C. § 1406(a).

### B.     Alternatively, This Case Should Be Transferred to the Northern District of California

GreatGigz's opposition to Instacart's request to transfer this case to the Northern District of California is not supported by the facts or the law.

GreatGigz argues that the inventor, Raymond Joao, "would have to travel an additional 1,300 miles if the case is transferred to NDCA." (Opp. at 7.) And that GreatGigz "has already retained a technical consulting expert" and a "damages expert" for this matter, thus "WDTX is a far more convenient and economical forum than is NDCA." *Id*. at 7–8. Never mind that GreatGigz has not disclosed who these experts are or where they reside—the law does not support the location of expert witnesses as factoring into the transfer determination. Otherwise, parties could quickly hire experts in their chosen forum in an effort to keep cases in districts that are improper or clearly less convenient than another, proper forum.

Moreover, the Federal Circuit recently discounted this argument in *In re TracFone Wireless, Inc.*, No. 2021-136, 2021 WL 1546036 (Fed. Cir. Apr. 20, 2021). The court explained that the 100-mile rule's rationale "is 'to minimize the time when [non-party witnesses] are removed from their regular work or home responsibilities.'" *In re TracFone Wireless, Inc.* at *5 (quoting *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004)). In applying this rule, the Federal Court "has rejected a rigid approach that would produce results divorced from that

3

underlying rationale." *Id*. at *5. Witnesses traveling from Dallas, Houston, and "the East Coast would only be 'slightly more inconvenienced by having to travel to California' than to [Waco,] Texas." *Id*. at *5-6. The same is true here.

The Federal Circuit also rejected "giving more weight to the fact that the inventor[] . . . residing in New York would 'need to travel a greater distance to reach' the Northern District of California than the Western District of Texas" on "the ground that those non-party witnesses 'will likely have to leave home for an extended period' whether or not the case was transferred, and thus those witnesses would only be slightly more inconvenienced by having to travel to California than to Texas." *Id*. at *6 (citing *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020)). Again, the same is true here—an inventor in Yonkers "would only be slightly more inconvenienced by having to travel to California than to Texas." *See id.*

GreatGigz then argues that the convenience of party witnesses "is afforded very little, if any, weight" and that there is "no certainty that any such witnesses would actually appear at trial." (Opp. at 6.) As this Court has noted, however, "the weight [of party witnesses] only becomes consequential in the absence of a significant number of non-party witnesses." *Solas Oled Ltd. v. Apple Inc.*, 2020 WL 3440956, No. 6:19-cv-00537-ADA, at *12 n.3 (W.D. Tex. June 23, 2020). Here, as GreatGigz agrees, there is not a single third party witness in or anywhere near the Western District of Texas. (*See* Opp. at 6 ("Plaintiff is in agreement with Defendants that there are no presently known third parties for whom compulsory process may be required.").) The only parties identified by GreatGigz are party witnesses, paid witnesses for GreatGigz (a "technical consulting expert" and "damages expert"), or witnesses directly related to or benefited by this case (the inventor and GreatGigz's principal, Joao).

4

GreatGigz next contends, without support, that "party witnesses are secondary to experts, especially in cases such as this where the technological infringement discussion will focus on source code." (Opp. at 6.) This is more than just unsupported; it is incorrect. *See Agis Software Dev. LLC v. Apple, Inc.*, No. 2:17-CV-00516-JRG, 2018 WL 2721826, at *13 (E.D. Tex. June 6, 2018) (finding that the convenience of an expert is entitled to "diminished weight"); *Mediostream, Inc. V. Acer America Corp.*, No. 2:07-CV-376, 2008 WL 4444327, at *14–15 (E.D. Tex. Sep. 26, 2008) (finding that the "convenience of expert witnesses is generally accorded little weight in the transfer analysis" because "most patent cases involve testimony from retained experts located across the country and/or from other parts of the world"). As noted above, factoring in a party's expert witness choices could turn the transfer analysis into a farce, as parties retain experts in their chosen forum to avoid transfer.

Finally, GreatGigz argues that a transfer is not warranted because Instacart does not "identify with specificity any pertinent documents" that "would be unavailable to it in Waco." (Opp. at 5.)  The Federal Circuit has stated that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). The Court should transfer this case to the Northern District of California, where Instacart is headquartered and maintains its principal place of business, and where the overwhelming majority of relevant witnesses and documents reside. The witnesses with the most knowledge of the accused technology are Instacart employees that work from Instacart's San Francisco office. Instacart, as the accused infringer, generates and maintains the bulk of its relevant documents relating to the design, development, and maintenance of the accused technology in its San Francisco office, including the majority of hard-copy

documents relevant to the design, development, marketing, and function of the accused technology, as well as its source code, which Instacart makes available only under strict confidentiality provisions.

In addition, public factors also favor transfer to the Northern District of California. Because venue is improper in GreatGigz's chosen forum, the Western District of Texas, the Federal Circuit has instructed that the standard cross-district time-to-trial comparison is inapplicable here. *See In re Adobe Inc.*, 823 F. App'x 929 (Fed. Cir. 2020). Moreover, "the court's general ability to set a schedule" more quickly than other courts does not speak to "whether there is an appreciable difference in docket congestion between the two forums." *Id*. at 932. Further, local interests are most salient when a district is home to a party, especially the defendant, for an infringement suit "calls into question the work and reputation" of those who "presumably conduct business in that community." *In re Hoffmann-La Roche*, 587 F.3d at 1336. Instacart has been at home in San Francisco since its founding in 2012, where it currently employs hundreds of individuals.

GreatGigz further argues that it has "filed multiple cases in the" Western District of Texas, which "strongly weighs against transfer and piecemeal adjudication of overlapping issues." GreatGigz's decision to file lawsuits in this district should not factor in the transfer analysis. Otherwise, a plaintiff could file multiple suits in one (improper) forum and then bind all the defendants to that forum by virtue of its one-sided and self-serving actions.

Accordingly, both private and public interest factors weigh in favor of transfer to the Northern District of California. GreatGigz's arguments to the contrary do not alter the analysis, and this case should therefore be transferred to California.

## II. CONCLUSION

For the reasons set forth above, Instacart respectfully requests that this Court grant its motion to dismiss.

Dated: June 1, 2021

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Ricardo J. Bonilla*
Neil J. McNabnay
macnabnay@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla
rbonilla@fr.com
Texas Bar No. 24082704
Lance Wyatt
wyatt@fr.com
Texas Bar No. 24093397
Adil A. Shaikh
shaikh@fr.com
Texas Bar No. 24117039

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**Attorneys for Defendant**
**Maplebear Inc. d/b/a Instacart**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served on this 1st day of June, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).

*/s/ Ricardo J. Bonilla*
Ricardo J. Bonilla