UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**MAPLEBEAR INC. D/B/A INSTACART**<br><br>Defendant | Case No. 6:20-cv-00737-ADA<br><br>JURY TRIAL DEMANDED |

### SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND IMPROPER VENUE, OR IN THE ALTERNATIVE TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiff GreatGigz, LLC ("Plaintiff" or "GreatGigz") respectfully submits this Sur-Reply in Opposition to Defendant's Motion to Dismiss or, in the Alternative, Transfer [Dkt. No. 11] ("Instacart's Motion"). This Court granted Plaintiff leave to file this Sur-Reply in a text Order dated August 14, 2021.

Plaintiff has recently filed three additional cases in this Court ("New Cases") as follows:

• GreatGigz Solutions, LLC v. Costco Wholesale Corporation (6:21-cv-00807)

• GreatGigz Solutions, LLC v. CVS Health Corporation (6:21-cv-00808)

• GreatGigz Solutions, LLC v. Walgreens Boot Alliance, Inc. (6:21-cv-00809)

These New Cases assert the same patents as the instant case, and the defendants in the New Cases utilize Instacart's platform (the Accused Instrumentalities in the instant case) for merchandise delivery.

In Instacart's Motion, they request, as alternative relief, transfer of this case to the Northern District of California ("NDCA"). The filing of the New Cases in this Court is relevant to this Court's analysis of

Instacart's request to transfer this case to NDCA. Specifically, the New Cases impact the private interest factors and the public interest factors related to transfer, as will be explained below.

### I. Private Interest Factor -  Practical Problems

This Court has previously stated that the fact that Plaintiff has filed multiple cases in the host district weighs "heavily against transfer." *Broadband v. Dish Network,* 6:19-cv-0716-ADA, Order dated April 20, 2021 at 10.  Such is the case here. Plaintiff has filed multiple related cases, ten of which are now pending before this honorable Court and involve the same patented technologies. <u>With regards to the New Cases, not only are the same patents asserted, but the defendants utilize the Instacart platform (the Accused Instrumentalities in the instant case)</u>. Efficiency thus strongly weighs against transfer and piecemeal adjudication of overlapping issues.

### II. Public Interest Factors – Localized Interests

With respect to "the localized interests," it is uncontested that Defendant maintains a substantial business presence throughout central Texas, including Austin and Waco. Further, the defendants in the New Cases utilize the Instacart platform (the Accused Instrumentalities in the instant case) and have clear ties to this district (Costco stores, CVS stores and Walgreens stores).  As such, there is a significant localized interest with respect to Defendant in WDTX.

### III. Conclusion

The filing of the New Cases further establishes that venue is proper in WDTX under § 1404(b). Defendant has failed to overcome the "heavy burden" to establish that NDCA is *clearly* more convenient than WDTX.  Defendant has not carried their burden, and this case should remain and be tried in WDTX.

Dated: August 17, 2021      Respectfully Submitted

*/s/ René A. Vazquez*
René Vazquez
Virginia Bar No. 41988
rvazquez@ghiplaw.com
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

**ATTORNEYS FOR PLAINTIFF
GREATGIGZ, LLC**