**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **GREATGIGZ SOLUTIONS, LLC,** | § | |
| *Plaintiff* | § | |
| | § | **W-20-CV-00737-ADA** |
| **-vs-** | § | |
| | § | |
| **MAPLEBEAR INC.,** | § | |
| *Defendant* | § | |

## ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE

Came on for consideration this date is the Motion to Dismiss for Failure to State a Claim and Improper Venue, or in the Alternative, to Transfer to the Northern District of California (the "Motion") of Defendant Maplebear Inc. d/b/a Instacart ("Instacart"). Instacart filed its Motion on October 27, 2020. Plaintiff GreatGigz Solutions, LLC ("GreatGigz") filed its Opposition to Instacart's Motion on May 18, 2021 and amended its complaint on that same day. Instacart's Reply and GreatGigz Sur-Reply were filed on June 1, 2021 and August 17, 2021, respectively. After careful consideration of the briefing, the Court **GRANTS** Instacart's Motion to Dismiss for Improper Venue and **MOOTS** both Instacart's motion to transfer to the Northern District of California and Motion to Dismiss for Failure to State a Claim.

## I. BACKGROUND

On August 14, 2020, GreatGigz filed its Complaint against Instacart alleging infringement of United States Patent Nos. 6,662,194, 7,490,086, 9,760,864, and 10,096,000. GreatGigz alleges infringement on the part of the Defendant of the '194 Patent, the '086 Patent, the '864 Patent, and the '000 Patent (collectively, the "Asserted Patents"). Am. Compl. at 3. The claims of the Asserted Patents overcome deficiencies existing in the art as of the date of

invention and comprise non-conventional approaches that transform the inventions as claimed into substantially more than mere abstract ideas. Am. Compl. at 22. As noted, the claims of the Asserted Patents claim priority to at least July 31, 1999. *Id.* at 18. At that time, the idea of launching Instacart.com was still several years away. *Id.* GreatGigz alleges that the Defendant makes, sells, advertises, offers for sale, uses, or otherwise provides the Instacart website and its ancillary sites, including its various Mobile Applications, in the United States. *Id.* at 45. GreatGigz's Complaint states that venue is proper in the Western District of Texas because Instacart has continuous and systematic business contacts with the State of Texas, by distributing, making, using, offering for sale, selling, and advertising its services in the State of Texas, and in this District. Am. Compl., Sec. 4.

Instacart is a domestic corporation organized and existing under the laws of Delaware, with its principal place of business in California. On October 27, 2020, Instacart filed a Motion to Dismiss for Failure to State a Claim and Improper Venue, or In the Alternative, to Transfer to the Northern District of California. Def.'s Mot. at 1. Instacart contends that the Western District of Texas is an improper venue and thus, the Court should dismiss this case or transfer to the Northern District of California. Further, Instacart alleges that GreatGigz's Complaint fails to plead sufficient factual support for its allegations of willful infringement. *Id.* This Court need only address Instacart's Motion to Dismiss for Improper Venue.

## II. LEGAL STANDARD

### A. Patent Venue

Section 1400(b) of title 28 of the United States Code "constitute[s] the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (internal quotation marks

omitted). A claim for patent infringement must be brought "in the judicial district where the defendant resides," or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, Civil Action No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

### III. ANALYSIS

#### A. Instacart Does Not Reside in the Western District of Texas

Under § 1400(b), a claim for patent infringement must be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Instacart resides in the Northern District of California and the District of Delaware. It is undisputed that venue would be improper as to Instacart under the first prong of 28 U.S.C. § 1400(b).

Venue, therefore, hinges on the Court's analysis of the second prong: "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Instacart contends that venue is improper in the Western District of Texas, alleging it has no regular and established *place of business* in this District. GreatGigz maintains that the Western District of Texas is the appropriate venue because Instacart has committed acts of infringement and has a regular and established place of business by utilizing the offices of retail partner stores in the district to train and supervise its own employees. Am. Compl., Sec. 4; Opp'n at 1.

**B. Instacart Does Not Have a Regular and Established Place of Business in the Western District of Texas.**

Proper venue under the second prong of § 1400(b) reveals three general requirements: (1) a physical place in the district; (2) that it be a regular and established place of business; (3) and that it be the defendant's place. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). A plaintiff must prove all three of these requirements to establish proper venue under the second prong of the statute. In the instant case, GreatGigz fails to meet its burden.

Instacart's Motion discusses three locations pertinent to the venue analysis: a short-term WeWork membership in Austin, Texas, storage space in Public Storage facilities in Austin, Texas, and the residence of its employees in the Western District of Texas. GreatGigz advances argument only as to the residence of Instacart employees and the "embedding" of Instacart employees in retail partner stores.

> *a. GreatGigz fails to show that Instacart's WeWork membership or storage facilities are regular and established places of business of the defendant.*

GreatGigz failed to pursue argument regarding the WeWork membership or storage space. Thus, the Court is reliant on Instacart's briefing and the affidavit of Kristy Nielsen. According to Nielsen's affidavit, only five Instacart employees are authorized to access the WeWork coworking space. Instacart's authorized employees last accessed the WeWork coworking space more than two months before the filing of Plaintiff's Complaint. The storage facilities hold supplies such as labels, lanyards, and t-shirts. While both the WeWork space and storage unit constitute physical places in the district, neither, based on the briefing and evidence provided, constitute a "regular and established place of business," nor are they Instacart's places of business. Therefore, the court turns its attention to the residences of Instacart's employees and the "embedding" of employees in retail partner stores.

> *b. Instacart does not conduct business out of its employees' homes, nor are the employee's homes places of Instacart.*

GreatGigz contends that so long as the location of the home of the employees within the district is meaningful to the role of the employees with the defendant, the location qualifies as a "place of business" of the defendant. Opp'n at 3; *see also In re Cray*, 871 F.3d at 1363. Accordingly, GreatGigz asserts that the location of the homes of Instacart's employees is both meaningful and crucial because the shoppers are in the geographic area that they service. Opp'n at 4. But residence in the district alone is not enough. *In re Cray*, 871 F.3d at 1365 ("The statute clearly requires that venue be laid where 'the defendant has a regular and established place of business,' not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant.") (quoting *Am. Cyanamid Co. v. Nopco Chemical Co.*, 388 F.2d 818, 820 (4th Cir. 1968)); *see also In re Cray*, 871 F.3d at 1363 ("As the statute indicates, it must be a place *of the defendant*, not solely a place of the defendant's employee.") (emphases in original). To further its argument, GreatGigz cites to *Cordis* and proposes that a defendant can meet part two of the test in districts where employees work, even if they work from home. Opp'n at 3. But, unlike *Cordis*, Instacart's employees' homes are not used like distribution centers to constitute a regular and established place of business. *See In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985); *see also In re Cray*, 871 F.3d at 1365. GreatGigz does not identify any business that Instacart carries out within the employees' homes, implying the location of their homes alone is enough. That is insufficient to establish proper venue. *In re Cray*, 871 F.3d at 1365 ("For purposes of § 1400(b), it is of no moment that an employee may permanently reside at a place or intend to conduct his or her business from that place for present and future employers.").

Additionally, Instacart's employees' homes are not places of Instacart. Instacart does not reimburse its remote employees' housing costs. Def.'s Mot., Nielsen Aff. ¶ 15. *See generally*

*Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1186 (7th Cir. 1969). And, as discussed in greater detail below, Instacart does not exercise control over its employees' living arrangements such that their residences qualify as Instacart's places of business. Accordingly, the employees' residences do not establish proper venue under § 1400(b).

> c.   *The referenced retail stores are not Instacart's places of business.*

In support of a physical place of business in WDTX, GreatGigz references a blog post from Instacart which explains that Instacart will be using retail partner stores in Houston and Austin to provide training, supervision, and options for applying for new employee roles. Opp'n at 2. GreatGigz uses this blog post to call into question the number of employees working within the District and the close relationship of the retail stores and Instacart's training for employees.

Instacart does not deny the language in the blog post regarding the shoppers being embedded in retail partner stores in Texas, but instead asserts that these retail partner stores are not places of business of Instacart. Def.'s Reply at 2. Instacart urges that the use of these retail partner stores does not make these stores places of Instacart's business. *Id.* Instacart instead compares the retail stores to a home office of their employees and relies on Federal Circuit decisions in support. *Id.* Instacart cites the decision in *Cray*, where the court held that an employee's home office was not the defendant's place of business since the defendant did not appear to own, lease, or rent, any portion of the home, that the employee's employment was not conditioned on his continued residence in the district, and the plaintiff pointed to no evidence that the defendant held out the employee's home as its business. *Id.*; *see also In re Cray,* 871 F.3d at 1368. The Court agrees with Instacart's analysis.

Certainly, the retail stores are physical places within the district. The stores are also regular and established places of business—the Instacart employees shop for Instacart customers in the stores. However, GreatGigz fails to meet its burden that the retail partner stores are the

*defendant's* places. GreatGigz points to no evidence, contractual or otherwise, illustrating Instacart owns or leases the stores, nor exercises other attributes of possession or control over the stores. *In re Cray*, 871 F.3d at 1363. Instead, Defendant relies on the assertion that it is crucial that shoppers be in the geographic area that they service. Opp'n at 4. GreatGigz conflates parts two and three of the test. Of course, an employee's residence is meaningful to its job. That can be said for virtually all employees as they seek proximity to work. The more direct question in assessing GreatGigz's approach to establish venue is whether the defendant conditions its employee's employment on remaining a resident of the district. *See In re Cray*, 871 F.3d at 1363. Instacart explicitly does not. Def's. Mot. at 3. While it may be important to have employees servicing stores within this district, Instacart employees "are not required to obtain prior permission from Instacart if they wish to move to one of Instacart's several U.S. offices." Def's. Mot at 7; Def.'s Reply at 2–3.

Plainly, GreatGigz fails to identify a physical place, of business, of the defendant. *In re Cray*, 871 F.3d at 1364. To be clear, this Court does not believe that Instacart is only subject to venue where it resides. But without further evidence regarding Instacart's presence in the WeWork space or storage facilities, and absent any evidence or attributes of control in the retail partner stores, this Court cannot say that GreatGigz has met its burden to establish proper venue under 28 U.S.C. § 1400(b).

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that Instacart's Motion to Dismiss for Improper Venue is **GRANTED**. It is further **ORDERED** that both Instacart's Motion to Transfer to the Northern District of California and Motion to Dismiss for Failure to State a Claim are **MOOT**.

SIGNED this 6th day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE